UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
AXIS INSURANCE COMPANY,

                       Plaintiff,

           -against-

ANTHONY WAYNE STEWART,

                    Defendant.
---------------------------------------------------------------------X

Case No. __7:15-CV-1131__ (TJM/TWD)

**COMPLAINT FOR
DECLARATORY
JUDGMENT**

Plaintiff, AXIS Insurance Company ("AXIS" or "Plaintiff"), by its attorneys, Carroll,
McNulty & Kull LLC, as and for its Complaint for a Declaratory Judgment herein, alleges upon
information and belief as follows:

## NATURE OF THE ACTION

1.      In this action, AXIS seeks a declaration that AXIS has no duty to defend or to
indemnify Anthony Wayne Stewart ("Stewart" or "Defendant") in connection with an underlying
action filed by Kevin A. Ward, Sr. and Pamela Ward, styled *Kevin A. Ward, Sr. and Pamela
Ward, Individually and as Administrators of the Estate of Kevin A. Ward, Jr., Deceased v.
Anthony Wayne Stewart*, commenced in the Supreme Court of the State of New York, County of
Lewis, Index No.: 280-2015, and now pending before the United States District Court, Northern
District of New York under Case No.: 7:15-cv-1023 ("Underlying Action").

## THE PARTIES

2.      At all times relevant hereto, Plaintiff, AXIS, was and is incorporated in the State
of Wisconsin and has its principal place of business in Georgia.  As such, AXIS is a citizen of
both Wisconsin and Georgia.

3.     At all times relevant hereto, Defendant, Stewart, was and is a resident of the State of Indiana.

## JURISDICTION AND VENUE

4.     This declaratory judgment action is brought pursuant to 28 U.S.C. § 2201.

5.     This Court has original, subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

6.     There is complete diversity of citizenship between Plaintiff and the Defendant to this action, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.     Venue is proper pursuant to 28 U.S.C. § 1391(b).

## FACTUAL BACKGROUND

8.     This Complaint for Declaratory Judgment arises out of the alleged wrongful death of Kevin A. Ward, Jr. ("Ward") on August 9, 2014, as the result of a motor vehicle incident ("Incident") that occurred at the Canandaigua Motorsports Park during an Empire Super Sprint race event ("ESS Event"), wherein Stewart struck and killed Ward with a super sprint vehicle.

9.     By Complaint dated August 4, 2015, Kevin A. Ward, Sr. and Pamela Ward, individually and as administrators of Ward's estate, filed the Underlying Action against Stewart.

10.     The Complaint alleges that during the ESS Event, while driving a super sprint vehicle, Stewart struck and killed Ward with the right rear tire of the super sprint vehicle Stewart was driving.

11.     The Complaint in the Underlying Action alleges four causes of action against Stewart for: (1) wrongful death; (2) terror pain and suffering prior to death; (3) intentional/reckless conduct; and (4) gross negligence.

12.     In his Answer to the Complaint, Stewart admitted the Incident took place during the ESS Event on August 9, 2014, and that he was driving the super sprint vehicle that came into contact with Ward, who was also a driver in the race.

13.     Stewart has also asserted various defenses in the Underlying Action.  This Declaratory Judgment action does not seek to address the validity or application of the defenses raised by Stewart in the Underlying Action, as such defenses will be addressed during the course of the Underlying Action.

## AXIS PRIMARY POLICY

14.     AXIS issued primary commercial general liability policy AXGL01105050-14 to Tony Stewart Racing Enterprises, LLC ("Tony Stewart Racing") for the policy period January 1, 2014 to January 1, 2015 ("AXIS Primary Policy").  The AXIS Primary Policy has limits of liability of $1 million each occurrence and $2 million general aggregate per covered event.

15.     The AXIS Primary Policy contains a Participant Legal Liability – Motorsports endorsement, which provides Participant Legal Liability Coverage under the Commercial General Liability Coverage Part.

16.     The AXIS Primary Policy's Participant Legal Liability – Motorsports endorsement contains the following exclusion:

> **2. Exclusion**
>
> This insurance does not apply to claims or actions brought by one racing vehicle driver against another racing vehicle driver.
>
> However, in the event of such a claim or action, coverage remains in effect for the First Named Insured and any other applicable insureds; however, coverage is specifically excluded for the racing vehicle driver who is the object of such claim or action.

17.     By endorsement, the AXIS Primary Policy also limits coverage under the Commercial General Liability Coverage part at follows:

### Schedule of Events

Specified Event(s)                                      Event Date(s)
World of Outlaws - 65 Events
USAC Sprint - 30 Events
USAC Silver Crown - 10 Events

(If no entry appears above, information required to complete this Endorsement will be shown in the Declarations as applicable to this Endorsement.)

Coverage provided by this policy applies only to the event(s) listed in the above Schedule, and only for the specific date(s) or said event(s). In the event of complete and total postponement of any of the event(s) shown in the Schedule, from the specified event date(s), upon sufficient prior notification by you to us or our representative, such coverages as afforded by this policy, and for which premium has been received by us, shall be provided for said event(s) on a reassigned date, with no additional premium due.

All other terms and conditions remain unchanged.

18.     The ESS Event is not listed on the Schedule of Events endorsement within the AXIS Primary Policy.

19.     The AXIS Primary Policy also contains other terms, conditions, and exclusions that define the scope of coverage under the AXIS Primary Policy.

### AXIS EXCESS POLICY

20.     AXIS issued commercial excess liability policy AXXS01102903-14 to Tony Stewart Racing for policy period January 1, 2014 to January 1, 2015 ("AXIS Excess Policy"). The AXIS Excess Policy has limits of liability of $4,000,000 each occurrence and $4,000,000 general aggregate per covered event.

21.    The AXIS Excess Policy provides Commercial Excess Liability Coverage that follows the AXIS Primary Policy in relevant part, as follows:

> The insurance provided under this Coverage Part will follow the same provisions, exclusions and limitations that are contained in the applicable "controlling underlying insurance", unless otherwise directed by this insurance. To the extent such provisions differ or conflict, the provisions of this Coverage Part will apply. However, the coverage provided under this Coverage Part will not be broader than that provided by the applicable "controlling underlying insurance".

22.    The AXIS Excess Policy also contains other terms, conditions, and exclusions that define the scope of coverage under the AXIS Excess Policy.

## AXIS AUTO POLICY

23.    AXIS issued commercial auto policy number AXAL01101474-14 to Tony Stewart Racing for the policy period of January 1, 2014 to January 1, 2015, with a liability limit of $1,000,000 ("AXIS Auto Policy").

24.    The AXIS Auto Policy contains the following exclusion:

**B.    Exclusions**

*** *

**13. Racing**

Covered "autos" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. This insurance also does not apply while that covered "auto" is being prepared for such a contest or activity.

25.    The AXIS Auto Policy contains the following relevant definitions:

**SECTION V – DEFINITIONS**

**B.** "Auto" means:

**1.** A land motor vehicle, "trailer" or semitrailer designed for travel on public roads; or

**2.** Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

However, "auto" does not include "mobile equipment".

\*\*\*

26.     The AXIS Auto Policy also contains other terms, conditions, and exclusions that define the scope of coverage under the AXIS Auto Policy.

### AXIS'S COVERAGE POSITION AS
### TO THE UNDERLYING ACTION

27.     By letter dated September 18, 2015, AXIS disclaimed coverage to Stewart under the AXIS Primary Policy, the AXIS Excess Policy, and the AXIS Auto Policy for the Underlying Action.

28.     AXIS disclaimed coverage to Stewart under the AXIS Primary Policy and AXIS Excess Policy because the Schedule of Events endorsement and the exclusion within the Participant Legal Liability – Motorsports endorsement contained within the AXIS Primary Policy operate to preclude coverage.

29.     Specifically, the Complaint in the Underlying Action alleged, and Stewart admitted, that the Incident took place during the ESS Event, which event did not qualify as one of the events listed on the Schedule of Events endorsement contained within the AXIS Primary Policy.  Therefore, coverage to Stewart for the Underlying Action is unavailable under the AXIS Primary Policy.

30.     The Complaint in the Underlying Action also alleged that Ward, a racing vehicle driver, sustained injuries as a result of the Incident during the ESS Event with Stewart, another

racing vehicle driver, which fell within the exclusion of the Participant Legal Liability –
Motorsports endorsement.  Therefore, coverage to Stewart is precluded for the Underlying
Action based upon the application of the exclusion.

31.     As the AXIS Excess Policy follows "the same provisions, exclusions and
limitations that are contained" in the AXIS Primary Policy, AXIS disclaimed coverage to
Stewart under the AXIS Excess Policy as well.

32.     AXIS also disclaimed coverage under the AXIS Auto Policy because the super
sprint vehicle allegedly driven by Stewart during the ESS Event at the time of the Incident did
not qualify as an "auto" under the AXIS Auto Policy, and because the AXIS Auto Policy
contains a Racing Exclusion that precludes coverage for the Incident.

## FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF

33.     AXIS repeats, reiterates and realleges each and every allegation contained in
paragraphs "1" through "32" as if set forth more fully at length herein.

34.     The AXIS Primary Policy contains a Schedule of Events endorsement that
provides coverage only for "the event(s) listed in the above Schedule, and only for the specific
date(s) or said event(s)."

35.     The Specified Events listed on the Schedule of Events endorsement are: (1) World
of Outlaws - 65 Events; (2) USAC Sprint - 30 Events; and (3) USAC Silver Crown - 10 Events.

36.     The Underlying Action alleges, and Stewart has admitted, that the Incident took
place during the ESS Event, which is not an event contained within the Schedule of Events
endorsement.

37.     The Underlying Action does not allege that the Incident took place during one of the Specified Events listed on the Schedule of Events endorsement contained within the AXIS Primary Policy.

38.     The AXIS Primary Policy and AXIS Excess Policy do not provide coverage for any liability Stewart may have for events not listed on the Schedule of Events endorsement.

39.     The AXIS Primary Policy also includes an exclusion which precludes coverage for "claims or actions brought by one racing vehicle driver against another racing vehicle driver."

40.     The Underlying Action alleges that Ward, a racing vehicle driver, sustained injuries as a result of the Incident during the ESS Event with Stewart, another racing vehicle driver.

41.     The AXIS Primary Policy and AXIS Excess Policy preclude coverage to Stewart based upon the application of the exclusion contained within the Participant Legal Liability – Motorsports endorsement.

42.     There is no coverage under the AXIS Excess Policy because it follows "the same provisions, exclusions and limitations that are contained" in the AXIS Primary Policy.

43.     The AXIS Auto Policy precludes coverage for Stewart with respect to the Underlying Action because the super sprint vehicle Stewart admitted that he was driving during the ESS Event does not qualify as an "auto" under the AXIS Auto Policy.

44.     The AXIS Auto Policy also contains a Racing Exclusion that precludes liability coverage for Stewart.

45.     Given the facts as pled in the Underlying Action, Stewart's admissions, and the actual facts concerning the Incident, there is no coverage pursuant to the terms, conditions,

endorsements, and exclusions of the AXIS Primary Policy, AXIS Excess Policy, or AXIS Auto Policy.

46.     AXIS has no duty to defend or to indemnify Stewart with respect to the Underlying Action.

47.     An actual controversy exists between AXIS, on the one hand, and Stewart, on the other, with respect to the rights and obligations under the AXIS Primary Policy, AXIS Excess Policy, and AXIS Auto Policy.

48.     AXIS has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, AXIS respectfully requests that the Court enter a judgment as follows:

a)     Declaring that AXIS has no duty to defend or to indemnify Stewart in the Underlying Action;

b)     Declaring that the AXIS Primary Policy, AXIS Excess Policy, and AXIS Auto Policy do not afford coverage for the Underlying Action; and

c)   Awarding such other and further relief as this Court may deem just and proper.

Dated: New York, New York
           September 18, 2015

CARROLL, McNULTY & KULL LLC

s/ **Kristin V. Gallagher**

Kristin V. Gallagher Bar Number: 516409
Attorney for Plaintiff
Carroll, McNulty & Kull LLC
570 Lexington Avenue – 8th Floor
New York, New York 10022
Telephone: (212) 252-0004
Fax: (212) 252-0444
E-mail: kgallagher@cmk.com